## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**KEVIN ARNETTE WATTS,**

       **Petitioner,**

**v.**                              **CRIMINAL ACTION NO. 2:04cr86**

**UNITED STATES OF AMERICA,**

       **Respondent.**

### *ORDER ON SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)*

Before the Court is Petitioner's Motion pursuant to Title 18, United States Code, Section 3582(c)(2) to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines ("Sentencing Guidelines"). The United States Sentencing Commission has amended U.S.S.G. § 2D1.1, reducing offense levels for drug quantities of controlled substances. For the reasons stated below, the Motion is **DENIED**.

The Court has considered the Motion and the record, and the Court finds that Amendment 782 reduces Petitioner's Sentencing Guidelines range. However, Petitioner is ineligible for a sentence reduction because the sentence originally imposed is identical to the minimum allowable sentence under the amended range. On February 9, 2005, the Court sentenced Petitioner to two hundred and ten (210) months imprisonment for Conspiracy to Possess with Intent to Distribute Cocaine. At the time of sentencing, Petitioner's Base Offense Level was 34, and his Criminal History Category was I. He was assigned a 2-point enhancement for obstruction, and a 3-point enhancement for his role in the offense, resulting in a Total Offense Level of 39. His guideline range of imprisonment was 262-327 months.

Petitioner was attributed with at least 15 kilograms but less than 50 kilograms of cocaine. Although Amendment 782 reduces Petitioner's Base Offense Level to 32, his Guidelines range remains the same. With the same enhancements and Criminal History Category, Petitioner's amended Total Offense Level is 37, and his Guidelines range of imprisonment is 210-262 months. Petitioner's current sentence of imprisonment for 210 months falls at the lowest possible point in the amended range. Pursuant to U.S.S.G. § 1B1.10 App. Note 3, "Specifically, as provided in subsection (b)(2)(A), if the term of imprisonment imposed was within the guideline range applicable to the defendant at the time of sentencing, the court may reduce the defendant's term of imprisonment to a term that is no less than the minimum term of imprisonment provided by the amended guideline range determined under subsection (b)(1)." A reduction in Petitioner's current sentence would result in a sentence less than the minimum term of imprisonment provided by the amended guideline range. While Petitioner's original sentence was below his initial guideline range, U.S.S.G. §1B1.10(b)(2)(B) clearly indicates that a Court may sentence a petitioner below the amended guidelines range if the original reduction was pursuant to a government motion to reflect a petitioner's substantial assistance. No such motion was made in this case.

Accordingly, it is ordered that Petitioner's Motion for Sentence Reduction under 18 U.S.C. § 3582(c) is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to Petitioner, Counsel for Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshal Service.

**IT IS SO ORDERED**.

Norfolk, Virginia
May  /3 , 2015

Raymond A. Jackson
United States District Judge